IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, as subrogee of Bloomington Country Club,<br>    Plaintiff,<br><br>v.<br><br>GETZ FIRE EQUIPMENT COMPANY,<br>    Defendant. | Case No. 1:15-cv-01243-JBM-JEH |

**Order**

    The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Complaint do not sufficiently support that assertion.

    The Complaint alleges the following information about the parties. Plaintiff Cincinnati was a citizen of Ohio. Subrogor Bloomington Country Club operated a business at 605 Towanda Ave., Bloomington, Illinois. Defendant Getz was a fire equipment installation and maintenance company with its principal place of business in Peoria, Illinois. Defendant Getz, upon information and belief, was a citizen of Illinois. Finally, Defendant Getz, upon information and belief, inspected, serviced, tested, and maintained fire protection systems in and throughout Illinois, including McLean County, and otherwise conducted business in and throughout Illinois, including McLean, Illinois.

    The Complaint does not indicate whether the Plaintiff is a corporation. If the Plaintiff is a corporation, the Complaint must allege the state of incorporation and principal place of business, and those allegations must be based on the state of things at the time the action was brought. 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004). If the Plaintiff is not a corporation,

and instead has a proprietor, partners, members, or other principals, the Plaintiff's citizenship is determined by the citizenship of that proprietor, partners, members, or other principals. *Wild v Subscription Plus, Inc*, 292 F3d 526, 528 (7th Cir 2002). The Complaint simply leaves unanswered the question of whether the Plaintiff sufficiently alleged its own citizenship.[1]

Next, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc v Best Inns of Abilene, LP*, 980 F2d 1072, 1074 (7th Cir 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v Wright,* 116 F2d 449, 451 (7th Cir 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). Furthermore, as discussed above regarding the Plaintiff's citizenship, the Complaint does not indicate whether Defendant Getz is a corporation or some other type of firm.

Accordingly, the Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The amended complaint shall be filed within 14 days of this date.

Entered on June 17, 2015.

s/Jonathan E. Hawley<br>U.S. MAGISTRATE JUDGE

---

[1] The Court additionally notes that because this case involves subrogation, and because the Plaintiff alleges only its citizenship as subrogee and not that of the subrogor, Bloomington Country Club, the Court expects that there has been total subrogation rather than partial subrogation in this case. See *Pepsico Do Brasil, Ltda v Oxy-Dry Corp*, 534 F Supp 2d 846, 848 (ND Ill 2008), citing *United States v Aetna Casualty & Surety Co*, 338 US 366, 380-81 (1949) (explaining that total subrogation results in focusing solely on the subrogee's citizenship for diversity purposes while partial subrogation requires a look at both subrogee and subrogor).